IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARLAN RICHARDS,

                Petitioner,

v.

REED RICHARDSON,

                Respondent.

OPINION & ORDER

17-cv-81-jdp

---

Pro se petitioner Harlan Richards is a prisoner in the custody of the Wisconsin Department of Corrections (DOC) currently housed at the Stanley Correctional Institution (SCI). Richards has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Richards wants to return to a work release center and reinstatement of his "community custody" security rating. He alleges that the DOC violated his constitutional rights when they increased his security classification and moved him from a work release center to a medium-security prison following a parole determination deferral. Richards has paid the $5 filing fee, and so the next step is for the court to preliminarily review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." When screening a pro se litigant's petition, I must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Because the type of relief that Richards seeks is not available in a habeas action, I must dismiss his petition.

ALLEGATIONS OF FACT

I draw the following facts from Richards's petition. Dkt. 1.

Richards is serving a life sentence for stabbing a man to death in 1984 (first-degree intentional homicide). In March 2002, the DOC reduced Richards's custody classification to minimum security and transferred him to the Oakhill Correctional Institution (OCI). Then in 2005, the DOC reduced Richards's custody classification to community custody and transferred him to the Gordon Correctional Center (GCC).

Fast forward a bit: in April 2008, the parole commission deferred Richards's parole determination 12 months "based solely on his current offense and prior criminal record." *Id.* ¶ 10. As a result, Richards's custody classification increased from community to minimum, and he returned to OCI. While at OCI, the parole commission issued an 11-month deferral and an 8-month deferral, and as a result of these reduced deferrals, Richards's custody classification decreased from minimum to community, and he returned to GCC. While at GCC, Richards worked as a van driver and drove prisoners to and from their work release sites.

But in January 2011, the parole commission once again deferred Richards's parole determination 12 months "based solely on his current offense and prior criminal record." *Id.* ¶ 13. And as a result, Richards's custody classification increased from community to medium, and the DOC transferred him to SCI.

Now Richards brings an equal protection class-of-one claim and a substantive due process claim, arguing that no other prisoners were transferred to a medium-security facility following a 12-month deferral and that he has a due process right to remain at a work release center.

ANALYSIS

Richards's frustration at his repeated security reclassifications is understandable.[1] But the relief he seeks is not available under a habeas petition.

28 U.S.C. § 2254 provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, Richards wants the DOC to adjust his security classification and to reinstate his work release. But this type of relief does not fall within the "core of habeas corpus" because it would not "necessarily spell speedier release." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (quoting *Preiser*, 411 U.S. at 489). The court must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81. Richards does not challenge the fact or duration of his confinement, nor does he seek immediate or speedier

---

[1] Richards is correct that the Wisconsin Court of Appeals previously held that the prison program review committee's decision to elevate Richards's custody classification from community to minimum was arbitrary when it relied exclusively on the parole commission's 12-month deferral decision and did not explain how the longer deferral affected Richards's risk rating. *See Richards v. Graham*, 2011 WI App 100, ¶ 36, 336 Wis. 2d 175, 801 N.W.2d 821. That holding tends to suggest that the medium-security decisions at issue here, as pleaded, could have been arbitrary, too. But even so, Richards is not pursuing relief that is available from a habeas petition.

release from custody. Moving between correctional facilities—even if the facilities have significantly different security ratings and corresponding conditions—does not change one's incarceration status and is not a "quantum change" in one's custody sufficient to implicate rights protected by habeas. *See Brown v. Roal-Warner*, No. 11-cv-479, 2012 WL 591402, at *2 (S.D. Ill. Feb. 22, 2012) (collecting cases and holding that "changes in a prisoner's security level classification cannot be attacked using" a petition for a writ of habeas corpus). The security classification change Richards seeks would not result in a "quantum change" to his custody, and so Richards has not stated a claim for relief pursuant to § 2254.

Tellingly, Richards's petition reads like a civil rights complaint pursuant to 42 U.S.C. § 1983: he brings an equal protection class-of-one claim and a substantive due process claim. But I will not convert Richards's habeas petition into a civil suit. *See Lopez v. Rios*, 553 F. App'x 610, 611 (7th Cir. 2014) ("We have urged district courts to honor a prisoner's choice of claim and cautioned against converting collateral actions into other civil actions (because of the varying requirements and restrictions concerning inmate litigation, depending on the statute invoked)."); *see also Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (deciding that the petitioner's complaint was "not amenable to conversion" because the named respondent (the warden) would almost certainly not be the correct defendant were the court to convert the claim to one pursuant to 42 U.S.C. § 1983). Here, the respondent—the SCI warden—would likely not be the proper defendant for a civil rights claim. I will therefore dismiss Richards's petition.

But my dismissal will be without prejudice to Richards pursuing his claims in a new civil rights suit. Any new suit would be governed by the provisions of the Prison Litigation Reform Act. Specifically, Richards would be required to pay a filing fee ($400) and could be

assessed a "strike" if the court determines that his suit is frivolous, malicious, or fails to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that petitioner Harlan Richards's petition for a writ of habeas corpus, Dkt. 1, is DISMISSED without prejudice. The clerk of court is directed to enter judgment and close this case.

Entered April 17, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge