IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARLAN RICHARDS,

          Petitioner,

  v.

REED RICHARDSON,

          Respondent.

ORDER

17-cv-81-jdp

---

On April 17, 2017, I dismissed pro se petitioner Harlan Richards's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 2. I explained that the type of relief that Richards seeks—to return to a work release center and reinstatement of his "community custody" security rating—is not available in a habeas action, because he is not challenging the fact or duration of his confinement and his circumstances do not amount to a "quantum change" in his level of custody.

Now Richards moves to vacate my April 17 order and judgment, arguing that he *does* seek a "quantum change" in his level of custody and that, as a result, he has stated a claim for habeas relief. Dkt. 4. I will construe Richards's motion as a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[1] I have reviewed the cases that

---

[1] Richards contends that the court made a manifest error of law when it dismissed his petition, which is an appropriate argument to make on a Rule 59(e) motion. *See Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) ("Rule 59(e) allows the movant to bring to the district court's attention a manifest error of law or fact, or newly discovered evidence."). And "[t]he Seventh Circuit has held that a Rule 59(e) motion is not typically to be construed as a successive habeas petition for purposes of AEDPA and thus may be ruled upon by the district court." *U.S. ex rel. Alegria v. Williams*, No. 14-cv-5451, 2015 WL 2155694, at *1 (N.D. Ill. May 7, 2015) (citing *Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002)), *certificate of appealability denied*, (Feb. 26, 2016).

Richards cites in support of his motion, and I remain convinced that he does not seek relief available to him via a petition for a writ of habeas corpus.

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

*Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Richards contends that he experienced a "quantum change in [his] level of custody" when the DOC transferred him from the Gordon Correctional Center (GCC), a work release center, to the Stanley Correctional Institution (SCI), a medium-security facility. But *Graham* is clear that "work release" is simply a condition of confinement: "[t]he prisoner remains confined, but instead of spending the daytime hours working in a prison factory, he works in a factory outside the prison." *Id.* Habeas is the proper vehicle "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense." *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999).

Richards has not demonstrated that he seeks to get out of custody in a meaningful sense. I understand Richards's point that his quality of life at GCC was markedly better than his experience at SCI. But despite Richards's contention to the contrary, GCC is a prison. It is one of "14 minimum-security facilities" in the DOC's Wisconsin Correctional Center System.[2] GCC may be a minimum-security facility with a work release program, but, as the Seventh

---

[2] http://doc.wi.gov/families-visitors/find-facility/wisconsin-correctional-center-system.

2

Circuit observed in *Graham*, facilities that offer work release privileges are still prisons. And as this court observed in *Lewis v. Haines*, No. 13-cv-122 (W.D. Wis. Apr. 12, 2013), another case Richards cites, "prisoners cannot challenge their security classification or their transfer from one prison to another under [habeas]." I stand by my earlier determination that the security classification change Richards seeks would not result in a "quantum change" to his custody, and so Richards has not stated a claim for relief pursuant to § 2254.

ORDER

IT IS ORDERED that petitioner Harlan Richards's motion to vacate judgment, Dkt. 4, is DENIED.

Entered May 8, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge